## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

MIKES WORRY FREE INC.,  CASE NO:
an Ohio Corporation; and  JUDGE:
MICHAEL HLATKY, individually,

        Plaintiffs,

vs.

OLIVIA CHARLIE LLC,
A Florida limited liability company,

        Defendant.
_____/

Plaintiffs, MIKES WORRY FREE, INC., an Ohio corporation, and MICHAEL HLATKY, individually, sue Defendant, OLIVIA CHARLIE LLC, a Florida limited liability company, and allege:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff MIKES WORRY FREE, INC., (formerly known as Wincrest Studios, Inc.) is an Ohio Corporation with its principal place of business located in the State of Ohio.

2. Plaintiff MICHAEL HLATKY is the founder of Wincrest Studios and he is a resident of the State of Ohio.

3. Defendant OLIVIA CHARLIE LLC is a Florida Limited Liability Company with its principal place of Business located in Sunny Isles Florida.

4. There is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the statutory threshold of $75,000. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Venue is proper, because Defendant's principal place of business is located within the Southern District of Florida.

## FACTUAL ALLEGATIONS

6. Plaintiffs are the developer and former owner of numerous computer platform applications (**"Apps"**) which generate income through advertising to users of the Apps.

7. Plaintiffs developed these multiple Apps with a similar program function which simulated slot machine type gambling.

8. Players of the Apps would play the App for points. The Apps were in no way connected to actual gambling for money, other than that they simulated slot machines.

9. The Apps would generate income by displaying adds during the game play of the users of the Apps and the amount of funds paid would be based upon the number of players, and as such, the number of persons that would be viewing the advertisements.

10. On June 27, 2016, Plaintiffs entered into a contract with Defendant to sell to Defendant all the Apps operated by Plaintiffs, as well as the underlying control of the operation of the Apps. A copy of the contract will be provided to the court, however is not attached hereto because the contract contains a non-disclosure clause, that prevents Plaintiff from disclosing its contents without consent of the Defendant. Defendant and their counsel have a copy of the contract.

11. The contract required Defendant to pay to Plaintiffs the sum of $843,750.00. Such sum was to be paid in an initial payment of $207,500.00 with subsequent payments of

$93,750.00, the first of which would be due in 45 days, and the second 90 days following the closing, and thereafter, in four quarterly payments of $112,187.50, beginning 180 days after closing.

12.     In addition, Defendant was to pay all revenue generated but not paid, for the time up to the closing on the transaction. This amount was calculated to be $72,600.

13.     Defendant paid the initial $207,500 payment, but has failed to pay any additional amounts due on the contract between Plaintiff and Defendant.

14.     Plaintiffs have sent a demand for payment under the contract, but Defendant has failed to make the payment, and therefore is in breach of the agreement.

## COUNT I – BREACH OF CONTRACT

15.     Plaintiffs and Defendant entered into a contract, whereby Plaintiffs delivered the assets sold in the contract and all control over such apps to Defendant.

16.     Defendant was required to make a payment of the receivables for the apps while the apps were run by Plaintiffs. Defendant has failed to pay the amount.

17.     Defendant was required to make a second payment of $93,750.00 on or about August 15, 2016. Defendant failed to make such payment.

18.     Defendant was required to make a third payment of $93,750.00 on or about October 31, 2016. Defendant has failed to make such payment.

19.     Defendant was required to make a fourth payment of $112,187.50 on or about December 24, 2016. Defendant has failed to make such payment.

20.     Defendant was required to make a fifth payment of $112,187.50 on or about March 25, 2017. Defendant has failed to make such payment.

21. Defendant was required to make a sixth payment of $112,187.50 on or about June 24, 2017.

22. Defendant was required to make a seventh payment of $112,187.50 on or about September 23, 2017.

23. The payments still due and owing from Defendant under this contract amount to $636,250.00. After adding the all revenue generated but not paid, for the time up to the closing on the transaction calculated to be $72,600.00, the total amount still due and owing from Defendant is **$708.850.00.**

24. Defendant has refused to make such payments, and has communicated Defendants intent not to make the required payments on the contract.

25. Defendant's failure to pay as required under the contract constitutes a breach of the asset sales agreement.

26. As a result of Defendant's failure to make the payments required under the contract, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for damages in the amount of $708,850.00, plus court costs, prejudgment interest, and any such further relief the Court deems just and proper.

## COUNT II – DECLARATORY RELIEF

27. Plaintiffs readapt and re-aver the allegations in paragraphs 1 through 14 as though fully set forth herein, and further allege:

28. This Court has jurisdiction to declare the rights, status, and other equitable or legal relations between the parties under Florida Statute § 86.011.

29. There is a bona fide, actual, present and practical need for declaration by the

Court as to a present and ascertainable state of facts.

30. The subject Agreement includes a covenant not to compete and covenants to protect trade secrets. Because Defendant breached the contract, Plaintiffs are legally relieved of any further obligation to perform under the contract. It would be unjust to require any further duties on Plaintiffs part where they are receiving nothing of value in exchange for same.

WHEREFORE, Plaintiff prays the Court will enter a judgment granting declaratory relief and holding that Plaintiffs have no further obligations to Defendant under the contract, including but not limited to the covenant not to compete against Defendant and covenants to protect trade secrets; plus court costs, prejudgment interest, and any such further relief as the Court deems just and proper.

## COUNT III - UNJUST ENRICHMENT

31. Plaintiffs readapt and re-aver the allegations in paragraphs 1 through 14 as though fully set forth herein, and further allege:

32. This is an equitable action for Unjust Enrichment against Defendant, OLIVIA CHARLIE LLC, and is pled in the alternative to Count I herein.

33. Plaintiffs have conferred a benefit upon Defendant, who had knowledge thereof.

34. Such benefit included the value of apps without giving anything of value in exchange therefor.

35. Defendant voluntarily accepted and retained the benefit conferred.

36. The circumstances render the Defendant's retention of the benefit inequitable unless the Defendant pays to Plaintiff the value of the benefit.

37. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for damages in the amount of $708,850.00, plus court costs, prejudgment interest, and any such further relief the Court deems just and proper.

Respectfully submitted,

MANOS•SCHENK, PL
*Counsel for Plaintiffs*
Brickell Bay Office Tower
1001 Brickell Bay Drive, Suite 1200
Miami, Florida 33131
Telephone: (305) 341-3100
facsimile:  (305) 341-3102
E-mail: tjm@msworldlaw.com
Website: www.msworldlaw.com

By:  /S/_____
     Tom J. Manos
     Florida Bar No.: 174262